IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Barela, | No.  CV-15-2097-PHX-SRB (DKD) |
| Petitioner, | |
| v. | **AMENDED REPORT AND RECOMMENDATION** |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR U.S. DISTRICT JUDGE:

Raymond Barela filed a Petition for Writ of Habeas Corpus ("Petition") in this Court.  Respondents argue that the Court cannot review his claims.  As described below, the Court agrees with Respondents and recommends that Barela's Petition be denied and dismissed with prejudice.

### Background

The record indicates that Barela was convicted, pursuant to a plea agreement, of two counts of manslaughter for the death of two victims.[1]  (Doc. 10, Ex. B; Doc. 25-1,

---

[1]  The Court notes that the record provided by Respondents is missing documents that support the Respondents' arguments.  For example, Respondents argue that two of Barela's claims were not exhausted and are now subject to a procedural bar.  (Doc. 25 at 9-12)  However, the record does not contain Barela's briefing to the Arizona Court of Appeals and so the Court cannot verify Respondents' argument.  The record also contains a presentence investigation and plea agreement for a different case.  (Doc. 25-1 at 6, 14-16)  After a careful review of the relevant portions of the record and the claims raised in Barela's Petition, the Court concludes that supplementing the record is not required but notes that it expects Respondents will pay closer attention to detail in the future.

Ex. C)   After entry of the plea and sentencing, Barela initiated post-conviction proceedings and, shortly thereafter, he filed his Petition in this Court.  (Doc. 1; Doc. 10, Ex. C; Doc. 25-1, Exs. D, E)  This Court stayed his habeas proceedings pending the outcome of his proceedings before the Arizona Court of Appeals.  (Doc. 12)  After the Arizona Supreme Court denied his Petition for Review, briefing in this matter resumed and Respondents filed a response arguing that, although the Petition was timely, the Court cannot review any of them.  (Docs. 23, 24, 25)  Barela did not file a reply.

## Analysis

All four of the Petitioner's claims concern events that occurred before he entered his plea of guilty.  (Doc. 1)  Specifically, he argues that the indictment violated his double jeopardy rights, he was subjected to cruel and unusual punishment,[2] his Miranda rights were violated, and he received ineffective assistance of trial counsel because his counsel had not "first explor[ed] his medical reasons for falling asleep at the wheel." (Doc. 1 at 6-9)

The Court concludes that it cannot review Barela's claims because they involve either a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea" or do not address "the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Barela has "voluntarily and intelligently plead[ed] guilty to a criminal charge [and so he] may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).  Accordingly, the Court cannot review his Petition.

## Motion to Stay

At the same time this Court issued its Report and Recommendation, Barela filed a "Motion to Stay All Habeas Proceedings and to Suspend Tolling of Time." (Doc. 26)  In it, he stated that he "believes that if his medical condition [of sleep apnea] had been

---

[2]  To the extent that the Petitioner's description of this claim implicates his experiences while in custody, the Court notes that this is outside the scope of habeas review under 28 U.S.C. § 2254.  (Doc. 1 at 7)

considered at the time his plea agreement was being negotiated, perhaps the length of sentence offered to him by the State might have been significantly less." (Doc. 26 at 3-4) He does not explain why this matter should be stayed and he does not explain why this matter should be returned to state court. Respondents argue that a stay should be denied. (Doc. 29) Barela did not reply. The Court agrees that a stay would be futile. Even assuming that Barela's motion was a reply in support of his Petition, the Court concludes that he has not demonstrated that his Petition's claims are reviewable.

**IT IS ORDERED** denying Petitioner's Motion to Stay (Doc. 26).

**IT IS THEREFORE RECOMMENDED** that Raymond Barela's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

. . .

. . .

- 3 -

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 7th day of March, 2018.

_____
David K. Duncan
United States Magistrate Judge