# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Barela,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　Respondents. | No. CV-15-02097-PHX-SRB-DKD<br><br>**ORDER** |

　　　　Petitioner Raymond Barela filed a Petition for Writ of Habeas Corpus on October 19, 2015 raising four grounds for relief. He argued that his state court indictment violated his double jeopardy rights, that he was subject to cruel and unusual punishment, that his *Miranda* rights were violated and that he received ineffective assistance of trial counsel because while he told his trial counsel about his sleep apnea, his trial counsel did not explore the medical reasons for him falling asleep at the wheel of his vehicle. Respondents filed a limited answer arguing that the issues raised by Petitioner were not reviewable.

　　　　Coincident with the issuance of the Magistrate Judge's Report and Recommendation, Petitioner filed a Motion to Stay all Habeas Proceedings and to Suspend Tolling of Time so that he could return to state court. The Response argued that a stay should be denied because any return to state court would be futile. On March 7, 2018 the Magistrate Judge issued an Amended Report and Recommendation in which he

considered the Motion to Stay.  He ordered that the Motion to Stay be denied and recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.  Petitioner filed timely written objections to which Respondents filed a response.

In his objections Petitioner argues that the Magistrate Judge only considered procedural matters and asked that the Court consider the merits of his arguments.  But with respect to all four of Petitioner's arguments the law requires that his Petition be denied.  Petitioner's arguments that the indictment violated his double jeopardy rights, that he was subjected to cruel and unusual punishment, that his *Miranda* rights were violated and that he received ineffective assistance of trial counsel prior entering into his guilty plea are all matters not reviewable on habeas as they all preceded his guilty plea. Petitioner voluntarily and intelligently pled guilty and is prohibited from seeking federal habeas corpus relief on the basis of alleged pre-plea constitutional violations.  *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).

Petitioner's arguments and his Motion to Stay revolve around Petitioner's diagnosis by the Arizona Department of Corrections before the incident that gave rise to his conviction of sleep apnea.  It appears from his objections that in 2017 he learned of an individual who used his sleep apnea as a defense in a case involving a vehicular homicide and now believes that he should have had that defense as well. Petitioner knew of his sleep apnea diagnosis when he pled guilty and voluntarily and intelligently pled guilty in state court.[1]

IT IS ORDERED overruling Petitioner's Objections to the Amended Report and Recommendation of the Magistrate Judge.

---

[1] The Court notes that Petitioner also attempts to argue in his objections that his sleep apnea somehow affected his ability to consider a plea agreement or "much less be stable enough to sign the agreement." (Doc. 31, Resp. to Am. R&R at 3) Petitioner has submitted nothing to support his claim that the condition of sleep apnea affects one's ability to consider a plea agreement and voluntarily and intelligently agree to enter into a plea agreement.
- 2 -

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 30) |
| 2 | |

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 30)

IT IS FURTHER ORDERED denying Raymond Barela's Petition for Writ of Habeas Corpus.

IT IS FURTHER ORDERED denying a Certificate of Appealability because denial of the Petition is justified by a plain procedural bar and jurist of reason would not find the ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 1st day of May, 2018.

_____
Susan R. Bolton
United States District Judge